FILED

JAN 13 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 07-13481-A-7K
                                         DC No. KDG-2
SETH PATRICK LANTZ

        Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FILED BY DEBTOR
AND REQUEST FOR TURNOVER OF FUNDS BY DEBTOR

A hearing on the trustee's objection to the debtor's claim of exemption and the trustee's request for turnover of funds was held on October 29, 2008. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(B). These findings of fact and conclusions of law replace the findings of fact and conclusions of law stated on the record at the hearing held December 16, 2008.

When Lantz filed his bankruptcy petition in October 2007, he filed Schedule C, claiming exemptions. The exemptions claimed did not include an exemption in earned but unpaid wages. On December 6, 2007, Lantz filed an amended Schedule C, which simply changed the value of his exemption in real property. On August

1, 2008, he again amended Schedule C. This time, the amended Schedule C claimed an exemption in "earned but unpaid wages." The exemption was claimed under 15 U.S.C. § 1673. In addition to the earned but unpaid wages, Lantz continued to claim exemptions under California Code of Civil Procedure § 703.140(b)(1), (2), (3), and (5).

The trustee and the debtor then entered into a stipulation granting the trustee an additional thirty days from the filing of the amended exemptions to object to the amended exemptions. Within that extended time, the trustee filed his objection to the debtor's claim of exemptions. The debtor opposed the objection, and a hearing was held.

The trustee argues that when a debtor elects to use the exemptions provided by California Code of Civil Procedure 703.140(b), the debtor may not then use additional exemptions. According to the trustee:

> "If section 703.140 is the scheme that allows Debtor to keep the most property, by the very language of 703.140 Debtor is limited to the exemptions found within that chapter and within that section. Permitting Debtor to use 'any exemption that may be available to the debtor outside the exemption chapter of the Civil Code' flies in the face of California's bankruptcy exemption scheme and should not be allowed."

(Trustee's Reply filed October 30, 2008, at page 4.)

The debtor argues that the trustee misinterprets the language of California Code of Civil Procedure § 703.140(a). The debtor further argues that the trustee's position violates the Supremacy Clause of the United States Constitution.

Bankruptcy Code § 522 provides for exemptions in bankruptcy cases. Section 522(b) provides that debtors may choose between

two sets of exemptions. First, debtors may choose exemptions under § 522(b)(2). This allows the debtor to exempt the property specified under § 522(d). That subsection lists specific property that may be exempted in a bankruptcy case.

Alternately, debtors may choose to exempt the property described at 11 U.S.C. § 522(b)(3). This choice allows debtors to exempt any property that is exempt under federal law other than subsection (d) and to exempt property that is exempt under state law applicable to the debtor.

There is a caveat to these two choices. That caveat is found at § 522(b)(2), which provides that exempt property consists of the property specified under subsection (d) "unless the State law that is applicable to the debtor . . . specifically does not so authorize."

And that caveat is significant for debtors in California because California law specifically does not so authorize. California Code of Civil Procedure § 703.140(a) states:

> "If a petition is filed under Title 11 of the United States Code, the exemptions provided by this chapter other than the provisions of subdivision (b) of this section shall be applicable, but the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter . . . ."

Thus, persons to whom California law applies may not choose the exemptions listed at 11 U.S.C. § 522(d). They are limited to the choices described at California Code of Civil Procedure § 703.140. Section 703.140(b) lists exemptions that largely track the exemptions listed at 11 U.S.C. § 522(d).

In this case, the debtor chose the exemptions listed at California Code of Civil Procedure § 703.140(b). Additionally,

he chose to exempt earned but unpaid wages.  There is no listed exemption for earned but unpaid wages at California Code of Civil Procedure § 703.140(b).  Instead, any exemption for earned but unpaid wages stems initially from 15 U.S.C. § 1673(a).  Section 1673(a) states, with exceptions not relevant here:

> "The maximum part of the aggregate disposable earnings of an individual for any work week which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . in effect at the time the earnings are payable, whichever is less . . . ."

California has incorporated § 1673 into its scheme for exemptions from enforcement of money judgments.  California Code of Civil Procedure § 706.050 states:

> "Except as otherwise provided in this chapter, the amount of earnings of a judgment debtor exempt from the levy of an earnings withholding order shall be that amount that may not be withheld from the judgment debtor's earnings under federal law in Section 1673(a) of Title 15 of the United States Code."

So, the issue is framed.  May a debtor to whom California law applies utilize the exemptions provided by California Code of Civil Procedure § 703.140(b) and also claim an exemption in earned but unpaid wages under California Code of Civil Procedure § 706.050 incorporating 15 U.S.C. § 1673(a)?  Answering this question requires close attention to the language of these statutes.  In particular, it is necessary to interpret § 703.140(a).  What does the language "the exemptions provided by subdivision (b) may be elected in lieu of <u>all other exemptions provided by this chapter</u>" mean?  (Emphasis added.)

The California Code of Civil Procedure is organized, in descending order, into parts, titles, divisions, and chapters.

Section 703.140 is found in Article I ("General Provisions") of chapter 4 ("Exemptions") of Division 2 ("Enforcement of Money Judgment") of Title 9 of Part 2 of the Code of Civil Procedure. Thus, when § 703.140(a) refers to "provided by this chapter," it is reasonable to conclude that "this chapter" means chapter 4.

In contrast, § 706.050 is found in chapter 5 ("Wage Garnishment") of Division 2, Title 9, Part 2. Because the wage garnishment exemption of § 706.050 is in a different chapter from § 703.140, the language "all other exemptions provided by this chapter" cannot apply to § 706.050.

Thus construed, § 703.140(a) allows debtors in bankruptcy cases to make choices with reference to the exemptions provided by chapter 4. They can either choose the exemptions of § 703.140(b) or they can choose the other exemptions provided in chapter 4.

Section 703.140(a) says absolutely nothing about the exemptions provided by other chapters of the California Code of Civil Procedure. The wage garnishment exemption provided by § 706.050 is entirely outside the purview of § 703.140. Thus, there is nothing in the language of § 703.140(a) that precludes California debtors from choosing the exemptions of § 703.140(b) and the exemption provided by § 706.050.

And, in fact, public policy supports this reading. When Congress enacted 15 U.S.C. § 1673, it made specific findings which are set forth at § 1671(a). Those findings are:

> "The Congress finds:
> (1) The unrestricted garnishment of compensation due for personal services encourages the making of predatory

extensions of credit.  Such extensions of credit divert money into excessive credit payments and thereby hinder the production and flow of goods in interstate commerce.
    (2) The application of garnishment as a creditors' remedy frequently results in loss of employment by the debtor, and the resulting disruption of employment, production, and consumption constitutes a substantial burden on interstate commerce.
    (3) The great disparities among the laws of the several States relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country."

Federal Rule of Bankruptcy Procedure § 4003(c) gives the objecting party the burden of proving that exemptions are not properly claimed.  Thus, the trustee has the burden of proof here.

Under the Bankruptcy Code and under California law, exemptions are to be construed broadly and liberally in favor of the debtor.  In re Gardiner, 332 B.R. 891, 894 (Bankr. S.D. Cal. 2005).

The ability to claim exemptions is a fundamental component of a debtor's fresh start in bankruptcy.  4 Collier on Bankruptcy p. 522-15 (15th ed. Rev. 2008).  The ability to exempt earned by unpaid wages is crucial to a debtor's fresh start.

For the above reasons, the trustee's objection is overruled, and the trustee's request for turnover is denied.  The court will issue a separate order.

DATED: January 13, 2008.

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF FRESNO       )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On January 13, 2008, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Patrick Kavanagh, Esq.
1331 "L" Street
Bakersfield, CA 93301

Lisa Holder, Esq.
KLEIN, DENATALE, GOLDNER, COOPER,
   ROSENLIEB & KIMBALL
4550 California Avenue, Second Floor
Bakersfield, CA 93309

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on January 13, 2008, at Fresno, California.

*Kathy Torres*
Kathy Torres, PLS